THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* I. JAMES BRODY and JAMES V. AUDITORE, Appellants, et al., Defendants.

Argued November 29, 1948; decided January 13, 1949.

*I. Maurice Wormser, Hyman Barshay* and *Samuel Bader* for I. James Brody, appellant. I. The payments alleged in the indictment were not made for the performance or omission of an official act nor were they made to a public officer: hence they did not constitute crimes. (*People* v. *McKane,* 143 N. Y. 455.) II. The trial court committed reversible error in instructing the jury that the receipt of the moneys by the shipping business owner consummated the commission of the crime. (*People* v. *Katz,* 290 N. Y. 361; *People* v. *Walker,* 198 N. Y. 329.) III. The evidence was insufficient as a matter of law to establish guilt beyond a reasonable doubt. (*People* v. *Weiss,* 290 N. Y. 160; *People* v. *Kress,* 284 N. Y. 452; *People* v. *Maione,* 284 N. Y. 423; *People* v. *Nitzberg,* 287 N. Y. 183; *People* v. *Mullens,* 292 N. Y. 408.)

*Henry Epstein* and *Robert Wolf* for James V. Auditore, appellant. I. It is a question of fact whether or not Brody, the public officer, actually received any money; the trial court committed reversible error by adopting the theory of the prosecution whereunder the jury did not consider this question. (*United States* v. *Britton,* 108 U. S. 199; *United States* v. *Manton,* 107 F. 2d 834; *Williamson* v. *United States,* 207 U. S. 425; *People* v. *Mullens,* 292 N. Y. 408; *People* v. *Sciascia,* 268 App. Div. 14, 294 N. Y. 927; *People* v. *Luciano,* 277 N. Y. 348.) II. The convictions under the substantive counts of the indictment must be reversed in the absence of a determination by the jury that a public officer received tainted moneys. (*People* v. *Mullens,* 292 N. Y. 408; *People* v. *Clougher,* 246 N. Y. 106; *People* v. *Hyde,* 156 App. Div. 618; *People* v. *Fitzgerald,* 288 N. Y. 58.) III. The language of section 1826 of the Penal Law itself reveals the fallacy in the People's theory and the trial court's charge. (*People* v. *Stoll,* 242 N. Y. 453; *People* v. *Salomon,* 212 N. Y. 446.)

*Frank S. Hogan, District Attorney* (*Whitman Knapp, Harold Roland Shapiro, Charles W. Manning* and *William Hoppen* of

counsel), for respondent. I. Guilt was established beyond a reasonable doubt. (*People* v. *Luciano,* 277 N. Y. 348; *People* v. *Madas,* 201 N. Y. 349; *People* v. *Giro,* 197 N. Y. 152; *Commonwealth* v. *Connolly,* 308 Mass. 481; *State* v. *Ames,* 90 Minn. 183.) II. The trial was free of error. (*Mankes* v. *Fishman,* 163 App. Div. 789; *Jarvis* v. *United States,* 90 F. 2d 243, 302 U. S. 705.)

DESMOND, J. Appellant Brody, during the times covered by this indictment, was deputy commissioner of the New York City Department of Marine and Aviation. Appellant Auditore, a friend of Brody, was the owner of two corporations engaged in the shipping business in New York City. Both appellants were convicted of the crime of conspiring (Penal Law, § 580) to ask and receive, on behalf of Brody, illegal fees for the granting by Brody's city department, of permits for the berthing of ships at city piers. Both were convicted, also, of fifteen other alleged crimes, each consisting of the receipt of an unlawful fee, in violation of section 1826 of the Penal Law, for the issuance of one such permit. The fifteen indictment counts which set out the alleged section 1826 violations, each said that appellant Brody, " acting in concert. with and aided and abetted by " appellant Auditore (and with one Gross, who pleaded guilty and testified for the People), had " received " money not authorized by law, for doing an official act, to wit, the granting of a berthing permit. Appellants present a number of law points, only one of which we think it necessary to discuss here.

That point turns on the refusal of the Trial Judge to charge, as he had been requested to do, that appellant Brody could not be convicted of any of the section 1826 charges, unless the jury should find that Brody had received money for the granting of the permits. That refusal, say appellants, was error. It allowed the jury, they say, to come to a guilty verdict without ever passing on the issue presented by the indictment, that is,. as to whether, as charged in the fifteen " substantive " counts, there was receipt of illegal fees, by appellant Brody. It is our view, however, that the court's whole charge, including the refused request, presented to the jury an entirely correct legal theory.

The substance of the People's proof was that when appellant Brody became deputy commissioner of the city department which controlled the city piers, he entered into a corrupt agree-

ment with Gross and appellant Auditore, whereby Brody, as such deputy commissioner, would personally handle all applications for a certain kind of permits, that he would deny such permits to steamship owners or agents, telling them that no such berthing spaces were available for the desired dates, that appellant Auditore, in the name of one or the other of his corporations, would then take out such permits from Brody, as deputy commissioner, and release or sublet the space to the outside applicants at a profit over the city's fixed charge, the resulting profit to be divided equally among the three (Gross, Auditore and Brody). There was competent proof that all this took place — indeed, there was proof that Brody actually got part of the profits, but we must consider the case as if there was no showing that any of the money went to Brody, since the court's charge, as above described, made it the law of the case that no such showing was requisite for a conviction.

At least twice in his main charge, the Trial Judge made it plain that appellant Brody was not to be convicted unless he had received money not authorized by law, for performing official acts. Elsewhere in the charge, the Judge made it equally plain that appellant Auditore, not being a public officer, could be adjudged guilty under section 1826 only if he had aided and abetted public officer Brody, in taking such unlawful emoluments. The Judge explained to the jury, that the theory of the People was that the issuance of permits by Brody to Auditore's corporations, and the transfer thereof at a profit by those corporations, to outsiders, was a device for charging excess fees to those outsiders for the berthing permits. But, the court told the jurors, there would have to be, for any conviction under section 1826, findings by the jury that such a scheme was hatched for that particular purpose, and successfully carried out, and that " the various acts of Gross and Auditore about which you have been told were performed by them in pursuance of that conspiracy, that is to say, as agents for the public officer, Brody." The whole charge, it seems to us, was an entirely lucid statement that no convictions could be had (on the " substantive " counts) unless Gross and Auditore had, as agents for Brody, received illegal fees for city permits, as the result of the working out of the conspiracy testified to. It was in that setting and against that background that the court — properly, we say — ruled that

it was not essential that the money be traced into appellant Brody's pockets.

The crime of taking unauthorized fees (like the crime of taking bribes under section 372 of the Penal Law) can, obviously, be committed through an intermediary or agent (see *People* v. *Fitzgerald,* 288 N. Y. 58; *Commonwealth* v. *Connolly,* 308 Mass. 481, 489, 490). Nothing in *People* v. *Hyde* (156 App. Div. 618) or *People* v. *Mullens* (292 N. Y. 408) is to the contrary of that proposition. The *Hyde* conviction (*supra*) was reversed because there was no showing that there was any transmission of anything of real or substantial benefit to Hyde. The *Mullens* case (*supra*) was tried on the theory that Mullens had in fact received a bribe, directly and not merely through another. True, the accusations in the present case were that defendant Brody " received " money, and a bald statement to the jury that no such receipt need be established would have been entirely inadequate. But the receipt by Brody could be vicarious, and so the jury was instructed. When the jury was convinced, on adequate proof, that the conspiracy had been carried out, and that as to each of the permits in question, the issuance, and subsequent reissue or transfer thereof, for a profit, amounted to no less than a taking of money by Brody through confederates, for the issue of such permit to the ultimate user of the pier space, that made the crime complete.

If the court had said, or implied, that the crimes under section 1826 proofs would be complete as soon as the conspiracy was proven and permits were issued pursuant thereto, we would agree that fatal error had been committed. But the court's instructions warned the jury that more was needed — that there had to be proof and finding that Gross and Auditore had received money for Brody under such circumstances as to amount to a receipt thereof by Brody.

It is true enough that the giving of a pier permit to an Auditore corporation, and a transfer thereof by that corporation to a shipowner, were both, intrinsically and without proof of corrupt motivation, lawful acts. But " the corruption aimed at is not simply the doing of things which may be improper in themselves, but even the doing of proper things as the result of an improper agreement " (*People* v. *Furlong,* 140 App. Div. 179, 184, affd. on opinion below 201 N. Y. 511; see *People* v. *Clougher,*

246 N. Y. 106, 112; *People* v. *Clark,* 242 N. Y. 313, 326). It would have been lawful for Auditore, in the ordinary run of business, to take money as his profit on the transfer of a pier permit, but when all that was a mere cover for the taking of an illegal fee by Brody as Auditore's undisclosed principal, then there was criminality. Nor does it matter that Auditore, not being a public official, could not, on his own account, have committed a crime under section 1826. As an aider and abettor of Brody, who was of the class of persons who could commit the crime as defined in the statute, Auditore, too, could be held as a principal (Penal Law, § 2; *People* v. *McKane,* 143 N. Y. 455, 464; *Commonwealth* v. *Mannos,* 311 Mass. 94, 107, 108; *Downs* v. *United States,* 3 F. 2d 855, certiorari denied 268 U. S. 689; *Ex parte O'Leary,* 53 F. 2d 956). Auditore's act was Brody's act, and Brody's guilt was Auditore's (see *People* v. *Madas,* 201 N. Y. 349, 352; *People* v. *Luciano,* 277 N. Y. 348, 359, 361).

The judgments should be affirmed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DYE and FULD, JJ., concur.

Judgments affirmed.