THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD C. BARNES, Appellant.

Third Department, October 20, 1977

*Douglas P. Rutnik (Thomas N. Dulin* of counsel), for appellant.

*Sol Greenberg, District Attorney (George W. Barber* of counsel), for respondent.

SWEENEY, J. On February 7, 1975 defendant was convicted in Albany County Court upon his plea of guilty to the crime of driving while intoxicated as a felony and was thereafter sentenced to a five-year term of probation with the condition that he not operate a motor vehicle during the probationary period. Defendant's probation was then transferred from Albany County to Rensselaer County. While in Rensselaer County, the defendant was indicted on May 28, 1976 by a Rensselaer County Grand Jury. The first count of a five-count indictment charged the defendant with driving while intoxicated, a felony. In August, 1976 a probation violation hearing was conducted in Rensselaer County Court and on September 7, 1976 defendant pleaded guilty to the charge of driving while intoxicated in full satisfaction of the indictment. In accordance with pre-plea negotiations defendant was to be sentenced to one year in jail and his probation was to be continued. On September 30, 1976 defendant was sentenced to one year in the Rensselaer County jail. Thereafter, and following a hearing in Albany County in November, 1976, defendant was determined to be in violation of probation, and on November 19, 1976 he was sentenced by the Albany County Court to an indeterminate term of imprisonment with a maximum term of three years.

On this appeal from the Albany County Court judgment defendant contends that the Albany County Court was without jurisdiction to conduct a violation of probation hearing since the Rensselaer County Court had already conducted such a hearing and had continued defendant's sentence of probation. We are in agreement. CPL 410.80 contains the provisions for the transfer of supervision of probationers.

Where it appears that a defendant has violated a condition of his sentence, the court served by the probation department to which supervision is transferred has the power to conduct a hearing on the violation and then either continue or modify the sentence or return the defendant to the court that imposed the sentence (CPL 410.80, subd 2, par [b]). When a defendant is returned to the court that imposed the sentence, the transfer is terminated and that court must then proceed in accordance with the provisions of CPL 410.60 and CPL 410.70 (CPL 410.80, subd 3). In our view, when the court served by the probation department to which supervision is transferred does not return the defendant to the sentencing court but instead conducts a hearing and either modifies or continues the sentence, then the transfer is not terminated and the original sentencing court is without power to proceed pursuant to CPL 410.60 or CPL 410.70. The Legislature, in our opinion, did not intend that a defendant be subject to two or more separate adjudications each time he is alleged to have violated a condition of his probation. We hold, therefore, that once the court served by the probation department to which supervision is transferred has conducted a hearing and has continued or modified a defendant's sentence of probation, the original sentencing court lacks the power to act thereon. Consequently, the judgment appealed from must be reversed and the violation of probation complaint dismissed.

The judgment should be reversed, on the law, and the violation of probation complaint should be dismissed.

GREENBLOTT, J. P., MAIN, LARKIN and MIKOLL, JJ., concur.

Judgment reversed, on the law, and the violation of probation complaint dismissed.