OPINION OF THE COURT
Eve Preminger, J.
Defendant is charged in a 27-count indictment with the unlicensed practice of law (Judiciary Law §§ 478, 485), grand larceny in the second degree, and other related offenses. The People allege, inter alia, that defendant has on numerous occasions fraudulently represented herself as a duly licensed attorney, and has accepted legal fees for representing individuals in landlord-tenant court, as well as for other work. Defendant moves to dismiss the indictment on a number of grounds.
Judiciary Law § 478 makes it unlawful to practice law or hold oneself out to the public as an attorney without first being licensed and admitted to practice by the State of New York. Defendant first contends that the District Attorney is not empowered to prosecute violations of this section in light of the wording of Judiciary Law § 476-a which states, in relevant part, that: "The attorney-general may maintain an action upon his own information or upon the complaint of a private person or of a bar association organized and existing under the laws of this state against any person * * * who commits any act or engages in any conduct prohibited by law as constituting the unlawful practice of the law.”
I reject this argument. A reading of Judiciary Law § 476-b makes clear that section 476-a can be enforced by way of a civil action. In that case, it is the Attorney-General or the New York State Bar Association (Judiciary Law § 476-a [2]) who brings suit. But a civil action is not the exclusive mode of enforcement (Dacey v New York County Lawyers Assn., 290 F Supp 835 [SD NY 1968]). An alternative remedy is provided by Judiciary Law § 485 which makes criminal any violation of the provisions of section 478. That being the case, the District Attorney is authorized by County Law § 700 to bring a criminal prosecution against anyone who practices law without a license.
*254 Defendant next argues that she cannot be found guilty of counts 9, 17, 19, 21, 23 and 26 as a matter of law, and seeks dismissal of these counts on that basis. Each of these counts charges her with issuing a false certificate in violation of Penal Law § 175.40 which provides that: "A person is guilty of issuing a false certificate when, being a public servant authorized by law to make or issue official certificates or other official written instruments, and with intent to defraud, deceive or injure another person, he issues such an instrument, or makes the same with intent that it be issued, knowing that it contains a false statement or false information.”
The theory of the People’s case, as presented in the Grand Jury, is that the defendant, in representing her clients in Civil Court, filed various petitions and notices of petition which court personnel then numbered and permitted to be issued pursuant to the jurisdiction of the clerk of the court, whose official stamp and signature were affixed to the documents. The People admit that defendant is not herself a public servant, but claim that she may be found guilty of section 175.40 based on principles of accessorial liability, and they cite People v Brody (298 NY 352) in support of their position.
People v Brody (supra), a seminal case on status crimes, stands for the proposition that when a statute limits those who can commit a crime to those of a certain status (e.g., public officers), a person who lacks that status can nevertheless be found guilty of violating the statute where it is shown that she aided or abetted one who had the status to commit the crime. This principle, applicable, for example, in instances where a female aids a male in committing a rape of a third party (People v Irving, 107 AD2d 944), has been codified in Penal Law §§ 20.00 and 20.05.
It is also true that in a nonstatus crime situation one who, with guilty intent, solicits a person to commit an offense may be guilty of the offense even though the solicitee lacks that intent and is unaware of the criminal nature of the conduct (People v Sadacca, 128 Misc 2d 494). These two principles cannot, however, be combined. If a statute limits those who are capable of committing a crime to those of a certain status, a person who lacks that status, regardless of her intent, is not liable as an accessory to one who possesses that status but acts innocently. The Legislature, in enacting a statute which is limited in application to those of a certain position or status, seeks to prevent abuse of that position by the status holder. In aid of that objective, one who aids the *255 status holder in committing a crime should be held liable as principal. Where, on the other hand, the status holder has no intention of violating the statute, the purpose behind the law is not served by prosecuting the nonstatus holder. In the instant case, the public servant in question acted in good faith and with innocent intention in possessing and issuing defendant’s documents, it is impossible, therefore, for accessorial liability to attach to defendant. Counts 9, 17, 19, 21, 23 and 26 are, accordingly, dismissed.
Defendant also challenges counts 2, 3, 8, 16, 18, 20, 22, 24 and 25 which charge her with offering a false instrument for filing in the first degree (Penal Law § 175.35): "A person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision thereof, he offers or presents it to a public office or public servant with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office or public servant.”
The People claim that defendant violated this section by filing petitions and other legal documents which, while otherwise accurate, contained representations that she was an attorney. By these actions, it is argued, defendant perpetrated a fraud on the State which would not have extended to defendant the privilege of appearing as attorney-at-law had court personnel been aware that defendant was unlicensed.
Defendant’s major argument in seeking dismissal of these counts is that the evidence before the Grand Jury was legally insufficient in that there was no evidence before it of defendant’s intent to defraud the State.
Intention is a necessary element of the crime of offering a false statement for filing (People v Bel Air Equip. Corp., 39 NY2d 48, 54) and it is ordinarily the jury’s role to determine whether or not the People have established it.
In cases where there is no direct evidence of a mens rea and where defendant’s intent must be circumstantially inferred from a set of facts, the court may itself dismiss at the end of the People’s case if it finds the conclusion "so attenuated as not to meet the test of legal sufficiency” (People v Tyler, 46 NY2d 264, 268 [Jones, J., concurring]). The test to be applied *256 on a motion to dismiss a count of the indictment is the same that governs a motion to dismiss at the end of the People’s case — whether there has been a clear showing that the evidence, if unexplained and uncontradicted, would not warrant conviction after trial of the offense charged (or in the case of a motion to dismiss pursuant to CPL 210.30, of a lesser included offense) (People v Lott, 104 AD2d 710; People v Sclafani, 8 Misc 2d 986). As long as this standard is met, the People have succeeded in presenting a prima facie case, and the court may not dismiss, but every element of the crime charged, including the requisite mental state, must be established (People v Mayo, 36 NY2d 1002).
In order to establish defendant’s culpability under Penal Law § 175.35 the People must prove that defendant possessed a conscious aim or objective to defraud the State (People v Bentley, 106 AD2d 825). They presented no direct evidence whatsoever on this issue in the Grand Jury; and there is no source from which to draw the inference that defendant had such an intent other than the fact of her filing the summonses, complaints, and other legal documents with which she is charged. Reviewing the evidence presented in the light most favorable to the People (People v Warner-Lambert Co., 51 NY2d 295), the court finds that the inference is so attenuated that as a matter of law, it may not logically be drawn from those facts. They may indicate an intention on the part of defendant to misrepresent herself to her clients, and thus to wrongfully and fraudulently take their money, but it is impossible to attribute to defendant, from these facts alone, that it was her conscious aim and objective to defraud the State of New York.
The court is not empowered to dismiss any count of the indictment, however, no matter how deficient the evidence presented to the Grand Jury, if any lesser included offense has been made out (CPL 210.30). This section finds application in the instant case because of the lesser included offense of offering a false instrument for filing in the second degree which contains all of the elements of the greater offense, with the exception of that of an intent to defraud the State. As this offense is made out in each case, the court is constrained to deny defendant’s motion to dismiss counts 2, 3, 8, 16, 18, 20, 22.
*257 The balance of defendant’s omnibus motion, challenging the sufficiency of the Grand Jury minutes seeking to dismiss the remaining counts of the indictment pursuant to People v Valenza (60 NY2d 363), seeking dismissal in furtherance of justice and for prosecutorial misconduct and controverting the search warrant, is denied.