■ RICHARD C. BARNES, Appellant, v STATE OF NEW YORK, Respondent.—Yesawich, Jr., J. Appeal from an order of the Court of Claims (Benza, J.), entered April 15, 1987, which granted the State's motion to dismiss the claim.

The facts giving rise to this claim are set forth at *People v Barnes* (59 AD2d 170). Following reversal there of an Albany County Court judgment convicting claimant of violating probation, he filed this claim to recover damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b. The State's motion to dismiss the claim pursuant to CPLR 3211 (a) (2) and (7) for failure to state a cause of action and lack of subject matter jurisdiction was granted and claimant appeals. We affirm.

The State concedes in its moving papers that claimant, who

was imprisoned after his Albany County conviction, has met the requirement of subdivision 5 (a) of Court of Claims Act § 8-b in that he was convicted of a crime and served all or part of his sentence. It still remains for claimant to demonstrate by clear and convincing evidence that his parole violation conviction was reversed or vacated on one of the grounds enumerated in subdivision 5 (b) of section 8-b, namely, those specified in CPL 440.10 and 470.20, and further that he did not through his own conduct contribute to his conviction *(see, Lanza v State of New York,* 130 AD2d 872). These requirements have not been met. None of the provisions of the Criminal Procedure Law adverted to in subdivision 5 (b) of Court of Claims Act § 8-b were the basis for this court's decision in *People v Barnes (supra).* And it is disingenuous, at best, for claimant to contend that he is innocent of the accusation that he violated the terms of his probation or that he failed to contribute to his conviction, given that he pleaded guilty before the Rensselaer County Court to driving while intoxicated at a time when a condition of his probation was that he not operate a motor vehicle, and that conviction remains undisturbed.

With respect to claimant's other contentions, the only one meriting comment is the assertion that the Albany County Court proceeded without jurisdiction in violation of claimant's constitutional right not to be twice placed in jeopardy for the same offense. As to that, we have heretofore observed that reversals premised on double jeopardy grounds are excluded from the coverage of Court of Claims Act § 8-b *(Fudger v State of New York,* 131 AD2d 136, 139, *lv denied* 70 NY2d 616). Since innocence, a qualification claimant simply cannot meet, is the linchpin of the unjust conviction and imprisonment statute *(see,* Report of NY Law Rev Commn, 1984 McKinney's Session Laws of NY, at 2930), the claim was quite rightly dismissed.

Order affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.