■ DONALD H. LAWRENCE, III, et al., Appellants, v MARLIN J. HOUSTON et al., Defendants, and DRYDEN MUTUAL INSURANCE COMPANY, Formerly Known as DRYDEN GROTON COOPERATIVE FIRE INSURANCE COMPANY, et al., Respondents.—Weiss, J. P. Appeal from an order of the Supreme Court (Rose, J.), entered January 29, 1990 in Tompkins County, which, *inter alia,* granted defendants' motion for partial summary judgment dismissing certain causes of action in the complaint.

On May 1, 1982, 15-year-old plaintiff Donald H. Lawrence, III (hereinafter plaintiff) sustained serious personal injuries when he was run over by a tractor owned by defendant Marlin J. Houston and operated by defendant Scott Smith. Defendant Dryden Mutual Insurance Company was Houston's liability insurance carrier and at the times pertinent herein, defendant Robert J. Lawery was general manager of Dryden as well as Dryden's predecessor (Dryden-Groton Cooperative Fire Insurance Company). Plaintiffs commenced a negligence action against defendants which included causes of action against Dryden and Lawery alleging, *inter alia,* fraud and negligent misrepresentation. They contended that Lawery advised them against getting a lawyer and told them that Dryden would settle directly with them, and to wait until plaintiff reached the age of 21 at which time Dryden would evaluate his injuries and make a fair settlement. Lawery concedes only that he advised plaintiffs to wait until plaintiff reached 21 years of age to resolve the claim. During the intervening years, Dryden paid certain medical bills and portions of others incurred for treatment of plaintiff's injuries. After plaintiff reached 21 Dryden offered $4,000 in full settlement, which plaintiffs rejected and retained counsel to institute this lawsuit seeking damages against Houston and Smith for personal injuries and seeking compensatory and punitive damages against Dryden and Lawery for fraud, negligent misrepresentation and other causes of action.

In their answer, defendants did not assert the Statute of

Limitations which, by that time, barred the action and Dryden otherwise acknowledged its obligation to defend and to indemnify its insured. Defendants moved for partial summary judgment dismissing all causes of action against Dryden and Lawery and plaintiffs cross-moved for partial summary judgment on the same causes of action, plus sanctions, and for discovery. Supreme Court held that plaintiffs had failed to demonstrate that they sustained pecuniary loss as a result of their reliance upon the representations made by Dryden and Lawery and granted judgment dismissing the complaint against these defendants. The court denied plaintiffs' cross motion for partial summary judgment and sanctions but did order disclosure against Houston and Smith. Plaintiffs have appealed.

Initially we agree, albeit for different reasons, that the 6th and 16th causes of action which seek recovery for bad faith and unfair dealing were properly dismissed. Bad faith does not provide an independent basis for recovery *(see, Quail Ridge Assocs. v Chemical Bank,* 162 AD2d 917, *lv dismissed* 76 NY2d 936). Nor has any evidence been offered to support the 7th and 17th causes of action seeking recovery for the unlawful practice of law. Moreover, Judiciary Law § 476-a provides that only the Attorney-General or a bar association formed in accordance with the laws of this State are authorized to enforce the statute in civil actions *(see also, El Gemayel v Seaman,* 72 NY2d 701, 706). We also find that the 8th and 18th causes of action for intentional or reckless infliction of emotional distress were properly dismissed against Dryden and Lawery in the absence of any factual allegations in the complaint which would support such causes against them.

We further agree that the 4th and 14th causes of action, alleging that Dryden and Lawery made fraudulent representations and misrepresentations for the purpose of inducing plaintiffs to forego and forfeit legal remedies for plaintiff's injuries, were properly dismissed. Since defendants waived the defense of the Statute of Limitations, this action can properly proceed against Houston and Smith since plaintiffs have neither foregone nor forfeited their right to sue.

Turning to the dismissal of the remaining causes against Dryden and Lawery, we first find that the 3d and 13th causes of action in the complaint adequately apprised them of the conduct alleged to have been fraudulent and deceitful. A claim of fraud requires allegations of a "misrepresentation of a material existing fact, falsity, scienter, deception and injury" *(Callahan v Callahan,* 127 AD2d 298, 300; *see, Hutchins*

*v Utica Mut. Ins. Co.,* 107 AD2d 871, 872) and must be asserted in detail (CPLR 3016 [b]), not merely as conclusory allegations *(Callahan v Callahan, supra,* at 301). With respect to the element of damages, plaintiffs have alleged that the delay in obtaining legal counsel resulted in the failure to properly obtain and preserve evidence which could well result in their inability to prevail at trial or in a diminution of the damages recovered. They further contend they have been deprived of the use of funds from a settlement or the interest which could have been earned thereon.

Plaintiffs rely principally upon *Dupuis v Van Natten* (61 AD2d 293) and *Hutchins v Utica Mut. Ins. Co. (supra),* where this court considered alleged fraud by insurance company employees to induce those plaintiffs to withhold timely commencement of personal injury negligence actions by repeated promises of settlement. In *Hutchins,* the adjuster advised against engaging an attorney which resulted in a failure to timely file a claim against a county *(supra,* at 871). In reversing summary judgment dismissing the complaint, this court held that the plaintiffs had raised issues as to the existence of a special relationship and the extent of compensatory and punitive damages for maliciously or recklessly discouraging the plaintiffs from retaining counsel in order to promote a minimal settlement in favor of the insurer, which required resolution at a trial *(supra,* at 872-873). In *Dupuis,* this court affirmed an order denying summary judgment dismissing the complaint where the insurance company allegedly deceived the plaintiffs with repeated promises of settlement and full compensation to the end that they delayed commencement of a negligence action for more than three years and then were confronted with a Statute of Limitations defense *(Dupuis v Van Natten, supra,* at 295). This court held that bona fide issues of fact were raised concerning, *inter alia,* the alleged misrepresentations *(supra).* While in this case Dryden and Lawery have waived the defense of the Statute of Limitations, triable issues of fact as to whether the fraudulent misrepresentations were in fact made and, if so, the extent to which plaintiffs have sustained damages *(see, Black v Chittenden,* 69 NY2d 665, 668) remain for resolution at trial. Accordingly, dismissal of the 3d and 13th causes of action was error and should be reversed.

We similarly find that Supreme Court erred in granting dismissal of the 5th and 15th causes of action for negligent misrepresentation. Plaintiffs must prove that Dryden and Lawery established and enhanced a special relationship with

them which imposed upon these defendants a duty to exercise reasonable care to impart correct information, whether that information was false and whether plaintiffs relied upon that information to their detriment. These issues, which Dryden and Lawery have controverted, require resolution at trial and preclude summary judgment (see, Pappas v Harrow Stores, 140 AD2d 501, 504; see also, AFA Protective Sys. v American Tel. & Tel. Co., 57 NY2d 912, 914).

Finally, since Supreme Court granted plaintiffs' motion for discovery only as to Houston and Smith, remittal is necessary for a determination of the propriety and extent of plaintiffs' discovery motion against Dryden and Lawery.

Order modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted summary judgment to defendants Dryden Mutual Insurance Company and Robert J. Lawery dismissing the 3d, 5th, 13th and 15th causes of action for fraudulent misrepresentation and negligent misrepresentation against them; motion for summary judgment dismissing said causes of action denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.