■ MICHAEL HAUSLER et al., Respondents, v SPECTRA REALTY, INC., Appellant.—Crew III, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered July 10, 1991 in Putnam County, which partially denied defendant's motion for summary judgment dismissing the complaint.

In February 1988, plaintiffs contacted defendant and expressed interest in purchasing a single-family home. Sandra Bennett, a licensed real estate agent employed by defendant, showed plaintiffs a number of properties, including one located at 2 Sycamore Road in the Village of Brewster, Town of Southeast, Putnam County. Plaintiffs subsequently entered into a contract of sale with the owners of the property, who apparently advised plaintiffs that they had experienced some

drainage problems on the property but that these problems had been corrected by the installation of a curtain drain around the house several months earlier. In March 1988, plaintiffs had a professional analysis of the septic system performed and no problems were discovered. In May 1988, the County Department of Health issued a letter stating that the water system located on the property was in compliance with the State Sanitary Code (10 NYCRR subpart 5-1). The closing took place on May 23, 1988.

Thereafter, in November 1988, plaintiffs began to experience leakage problems with the septic system. According to plaintiffs, the problem progressed to the point where the septic system was leaking throughout a substantial portion of their backyard and driveway, creating both unpleasant odors and unsanitary conditions. Plaintiffs subsequently commenced this action against defendant setting forth causes of action sounding in breach of contract, negligent infliction of emotional distress, fraud, negligent misrepresentation and negligence. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court partially granted defendant's motion, dismissing all of plaintiffs' causes of action except those sounding in fraud, negligent misrepresentation and negligent infliction of emotional distress. This appeal by defendant followed.

We are of the view that Supreme Court erred in failing to dismiss plaintiffs' complaint in its entirety. "[I]t is well settled that in order to succeed on a cause of action grounded in fraud, a plaintiff must demonstrate that the defendant made a false representation which was either known to be untrue or made with reckless disregard of its truth and which was made with the intent to deceive and to induce the plaintiff to part with or refrain from obtaining something of value, thereby causing injury" *(Pappas v Harrow Stores,* 140 AD2d 501, 504; *see, Bank of N. Y. v Realty Group Consultants,* 186 AD2d 618; *Lawrence v Houston,* 172 AD2d 923, 924-925). A claim of fraud must be asserted in detail and conclusory allegations will not suffice *(Lawrence v Houston, supra,* at 925; *see,* CPLR 3016 [b]). Here, plaintiffs aver in their bill of particulars that a former Town of Southeast building inspector told plaintiff Michael Hausler that while she was so employed, she had a conversation with the "owner" of defendant regarding "the septic failure" at the property. Plaintiffs further contend that defendant was aware that a subsequent Town of Southeast building inspector had been accused and apparently convicted of taking bribes in exchange for the speedy issuance of building permits

and certificates of occupancy. From this, plaintiffs conclude that defendant knew that the septic system on the property was or might well be faulty but nevertheless represented that plaintiffs could rely upon the inspections performed by the building inspector and that the house had "no problems". While plaintiffs' bill of particulars may serve as an affidavit for purposes of the summary judgment motion (CPLR 105 [t]; *see, Hladczuk v Epstein,* 98 AD2d 990), the conversation referenced therein is hearsay; while hearsay may be admitted on a motion for summary judgment in some circumstances *(see, Landisi v Beacon Community Dev. Agency,* 180 AD2d 1000, 1002), those circumstances are not present here *(compare, Siegel v Wank,* 183 AD2d 158). Plaintiffs' remaining assertions are insufficient to defeat defendant's motion and, accordingly, plaintiffs' cause of action for fraud must be dismissed.

We reach a similar conclusion regarding plaintiffs' cause of action for negligent misrepresentation. In order to establish a claim for negligent misrepresentation, plaintiffs were required to demonstrate that defendant had a duty, based upon some special relationship with them, to impart correct information, that the information given was false or incorrect and that plaintiffs reasonably relied upon the information provided *(see, Bower v Atlis Sys.,* 182 AD2d 951, 953; *see also, International Prods. Co. v Erie R. R. Co.,* 244 NY 331, 338, *cert denied* 275 US 527; *Pappas v Harrow Stores,* 140 AD2d 501, 504, *supra).* Even assuming the existence of a special relationship between plaintiffs and defendant, the record does not support plaintiffs' assertion that defendant concealed and/or misrepresented the true condition of the septic system. While Bennett may have arranged for the necessary water and septic tests which, as noted previously, revealed no problems with the respective systems, there is no indication that Bennett acquired any information regarding alleged defects in the septic system which, in turn, she failed to pass along to plaintiffs *(compare, Striker v Graham Pest Control Co.,* 179 AD2d 984, *lv dismissed* 79 NY2d 1040 [listing broker arranged for pest inspection, represented that the house "passed", but failed to disclose that wood and soil conditions were conducive to carpenter ants]). Here, plaintiffs have offered only conclusory assertions that defendant was aware of some defect in the septic system and nevertheless represented that the house was in "good condition". These assertions are insufficient to defeat defendant's motion for summary judgment and this cause of action must also be dismissed.

Based upon the foregoing, plaintiffs' claim for damages for "mental suffering" arising out of defendant's alleged "fraudulent activities" must also be dismissed. In light of this conclusion, we need not address the remaining arguments advanced by defendant.

Yesawich Jr., J. P., Levine, Casey and Harvey, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's motion regarding the causes of action for fraud, negligent misrepresentation and negligent infliction of emotional distress; motion granted to that extent, summary judgment awarded to defendant and said causes of action dismissed; and, as so modified, affirmed.