■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL ROMERO, Appellant. [664 NYS2d 179] —Cardona, P. J. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered July 24, 1996, upon a verdict convicting defendant of the crimes of unauthorized practice of law and petit larceny.

In November 1995, defendant, who had been an attorney in Honduras, was charged by the Attorney-General in a three-count indictment with the crimes of offering a false instrument for filing in the first degree, the unauthorized practice of law and petit larceny. Prior to trial, the charge of offering a false instrument for filing was dismissed. The remaining charges

stem from allegations that between August 1993 and January 1994 defendant, not admitted as an attorney in this State, operated a law office in the City of Schenectady, Schenectady County, where he held himself out as a licensed attorney. It was alleged that on or about December 11, 1993 he took money from Angel Jiminez who hired him believing that he was a licensed attorney. Jiminez testified that when she first met with defendant he indicated that he was an attorney and that there would be a $750 fee to handle an uncontested divorce. When she asked defendant to provide her with a bill reflecting the amount of the legal fees, defendant refused and stated that "[a]ttorneys don't give bills". After Jiminez paid the requested fee to defendant, she received a handwritten receipt that the $750 amount was only "for court fees and expenses in her divorce proceeding".

At trial the prosecution introduced copies of Jiminez's verified complaint and supporting affidavit, which Jiminez stated were prepared by defendant but signed by Jiminez as *pro se* plaintiff and notarized by defendant. According to Jiminez, when she asked defendant the meaning of "*pro se*", he told her that it was a legal term for signature. Defendant testified that he never told Jiminez that he was an attorney and denied preparing documents for her. He maintained that Jiminez came to him only to notarize the two documents and to arrange to have the documents filed with the County Clerk's office. Defendant admitted that he had received $750 from Jiminez, but claimed that $245 of that amount was for filing fees, $5 went to him for notarizing the two documents and $500 was given with Jiminez's permission to Julio Galdamez, a "person in need", who allegedly brought the documents three or four blocks to the courthouse for filing.* The jury found defendant guilty of the two submitted crimes and this appeal followed.

Initially, we reject defendant's argument that the Attorney-General lacked authority to prosecute the criminal charges. Assuming, arguendo, that defendant is correct in maintaining that Judiciary Law § 476-a only authorizes the Attorney-General to maintain a *civil* action against an individual accused of the unlawful practice of law and not a criminal action (*see generally*, *El Gemayel v Seaman*, 72 NY2d 701, 706; *Lawrence v Houston*, 172 AD2d 923, 924; *People v Enfeld*, 136 Misc

---

* The prosecution entered into evidence a photocopy of a receipt for $500, allegedly written by defendant and signed by Galdamez, which defendant had given to the prosecutor on the morning of his testimony. Although defendant testified that the receipt was written and signed by Galdamez on December 22, 1993, the receipt was dated December 22, 1996.

2d 252), we nevertheless conclude that the Attorney-General was authorized to prosecute the subject charges under Executive Law § 63 (3). Pursuant to that statute, the Attorney-General has the authority to investigate persons believed to have committed indictable offenses and to criminally prosecute them. This authority can be exercised "upon request" of the Governor or the head of any department of the State. Inasmuch as the Attorney-General is the head of the Department of Law (*see*, Executive Law § 60), he would have the authority, *inter alia*, under this statute to initiate an investigation and prosecute the matter.

Turning to defendant's challenge to his conviction of petit larceny on legal sufficiency grounds, we find it to be without merit. Viewing the evidence in a light most favorable to the prosecution (*see*, *People v Contes*, 60 NY2d 620, 621), we are convinced that "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]). Notably, "[a] person commits [petit] larceny by false pretenses when, with the intent to deprive the owner of its property, he or she intentionally makes a false representation of a material fact upon which the owner relies in parting with his property" (*People v Ponnapula*, 229 AD2d 257, 267; *see*, Penal Law § 155.05 [2] [a]; § 155.25). Here, given the testimony that defendant falsely stated to Jiminez that he was an attorney, his deception as to the meaning of *pro se* in her divorce papers, his refusal to supply a bill for legal services and defendant's suspect testimony concerning the disposition of the funds paid by Jiminez, we conclude that a jury could rationally find that defendant committed larceny by false pretenses.

White, Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Schenectady County for further proceedings pursuant to CPL 460.50 (5).