■ ISRAEL ROMERO, Appellant, v STATE OF NEW YORK, Respondent. [742 NYS2d 701] —Per Curiam. Appeal from a judgment of the Court of Claims (Read, J.), entered February 20, 2001, upon a decision of the court in favor of the State.

After a Schenectady County jury convicted claimant of unlawful practice of law and petit larceny, claimant appealed to this Court arguing, inter alia, that the Attorney General did not have the authority to prosecute him for those crimes. We affirmed the convictions indicating that, even if the Attorney General did not have the power to proceed under Judiciary Law § 476-a (1), such authority existed pursuant to Executive Law § 63 (3) (*People v Romero*, 244 AD2d 670, *revd* 91 NY2d 750). The Court of Appeals reversed, ruling, inter alia, that the viability of Executive Law § 63 (3) could not be considered since it was raised for the first time on appeal (*People v Romero*, 91 NY2d 750, 753-754). The Court dismissed the indict-

ment holding that Judiciary Law § 476-a (1) only authorized the Attorney General to prosecute claimant by civil action (*id.* at 755-758). Claimant thereafter brought this claim against the State alleging causes of action for malicious prosecution, unjust conviction and imprisonment and false arrest. Following a trial, the Court of Claims dismissed all causes of action, resulting in this appeal.

Initially, we are unpersuaded that the Court of Claims erred in dismissing the malicious prosecution cause of action with respect to the two misdemeanor convictions. In order to maintain such a cause of action, a plaintiff must establish four elements: " '(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice' " (*Smith-Hunter v Harvey*, 95 NY2d 191, 195, quoting *Broughton v State of New York*, 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929). Here, although there is no question that a criminal proceeding was instituted against claimant, we agree with the Court of Claims that claimant did not sufficiently prove the remaining elements.

With respect to favorable termination, we do not agree that the reversal by the Court of Appeals in *People v Romero* (91 NY2d 750, *supra*) terminated the prosecution in a manner "not inconsistent with plaintiff's innocence" (*Smith-Hunter v Harvey, supra* at 200 [Rosenblatt, J., concurring]). The Court of Appeals has explained that, "While a plaintiff need not prove actual innocence in order to satisfy the favorable termination prong of a malicious prosecution action * * * the absence of a conviction is not [in] itself a favorable termination" (*Martinez v City of Schenectady*, 97 NY2d 78, 84 [citation omitted]). Here, although the indictment was dismissed by the Court of Appeals, that finding was not based upon a determination of guilt. Instead, claimant's convictions were reversed solely on the basis that the Attorney General did not have the authority to prosecute him under the Judiciary Law (*People v Romero*, 91 NY2d 750, *supra*). We further note that his claim of legal insufficiency was rejected by this Court (*People v Romero*, 244 AD2d 670, 672, *supra*). Therefore, we do not find that the dismissal of the indictment amounted to a favorable termination (*see, Martinez v City of Schenectady, supra* at 85).

In any event, even if the reversal is considered a favorable termination, we agree with the Court of Claims that claimant did not establish the third and fourth elements of a malicious prosecution cause of action, namely, absence of probable cause

and actual malice. In reference to probable cause, the charges against claimant were sufficiently supported by the deposition of a complaining witness alleging that claimant charged her $750 to prepare and file legal divorce papers marked "pro se,"[1] and by a grand jury indictment. That indictment created a presumption of probable cause (see, Bernard v United States, 25 F3d 98, 104; Colon v City of New York, 60 NY2d 78, 82; Hernandez v State of New York, 228 AD2d 902, 904), which claimant failed to overcome with proof that it "was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith" (Colon v City of New York, supra at 83). As far as actual malice, claimant makes unsupported allegations that the Attorney General's office brought this criminal action against him based solely upon malice. In denying those allegations, the State presented witnesses who testified that the investigation into claimant's activities by the Attorney General's office followed an informal referral by the Committee on Professional Standards. In our opinion, the Court of Claims properly rejected claimant's arguments as deficient.

Furthermore, claimant argues that he established malicious prosecution with respect to the class E felony charge of offering a false instrument for filing in the first degree (Penal Law § 175.35) which was dismissed before trial (see, People v Romero, 244 AD2d 670, supra). We first note that the mere dismissal of a charge does not, in and of itself, establish the element of favorable termination (see generally, Smith-Hunter v Harvey, supra). In any event, assuming arguendo that said dismissal was sufficient to satisfy favorable termination, this would not obviate the fact that claimant failed to sufficiently prove the elements of absence of probable cause and the existence of actual malice.

Next, claimant asserts that his claims of unjust conviction and unjust imprisonment are valid because the Court of Appeals reversed his conviction. Notably, to recover for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b, it was necessary for claimant to prove by clear and convincing evidence that (1) he was convicted of one or more felonies or misdemeanors, sentenced to a prison term and that

---

**1.** The witness stated in her deposition that claimant represented to her that he was an attorney who would handle her divorce and when she questioned him about the phrase "pro se" after her signature on the papers, he told her it was just a legal term which should not concern her. According to her deposition, she found out that he was not an attorney when she received a call from a court clerk in Saratoga County regarding her divorce papers and the clerk explained to her what the term "pro se" meant.

he served all or a part of the term, (2) his conviction was reversed or vacated on one of the grounds set forth in CPL 440.10 or 470.20,[2] (3) he did not commit any of the acts charged in the accusatory instrument, and (4) he did not cause or bring about his own conviction (*see,* Court of Claims Act § 8-b [5]; *Robinson v State of New York,* 228 AD2d 52, 54, *lv denied* 89 NY2d 812).

Here, although there is no dispute that claimant satisfied the first of these elements, we agree with the Court of Claims that the remaining elements were not proven. It appears that the Court of Appeals did not dismiss this indictment on any of the pertinent grounds listed in CPL 440.10 or 470.20 (*see, Barnes v State of New York,* 153 AD2d 968, 969). In any event, with respect to the requirements that claimant prove that he did not commit the charged crimes or bring about his own conviction, we note that the reversal of his criminal convictions and dismissal of the indictment on technical grounds was not, as argued by claimant, tantamount to being found innocent (*see, Reed v State of New York,* 78 NY2d 1, 8). Both claimant and the original complainant testified at length and the Court of Claims found claimant's exculpatory testimony incredible and ruled accordingly. The Court of Claims' assessment of witness credibility is entitled to deference (*see, Gold v New York State Bus. Group,* 282 AD2d 988, 989-990), and we find no basis to disturb its conclusion that claimant failed to demonstrate by clear and convincing evidence that he was innocent and that his conduct was not a contributing factor to his convictions.

Turning to claimant's cause of action for false arrest, we find that it was properly dismissed. Claimant's arrest pursuant to a facially valid warrant was privileged (*see, Ellsworth v City of Gloversville,* 269 AD2d 654, 656; *see also, Broughton v State of New York,* 37 NY2d 451, 457-458, *supra*) and, therefore, he cannot recover on this cause of action.

Finally, we are unpersuaded that the Court of Claims improperly failed to rule on an alleged claim of negligence. Notably, the verified claim filed by claimant specifically enumerates only the causes of action previously discussed. Although claimant stated allegations of negligence in an improper attempt to support the intentional torts pleaded in the claim (*see, Ramos v City of New York,* 285 AD2d 284, 301), there is no indication that claimant sought leave to amend the claim to

---

2. We note that although the Court of Appeals has held that the limitation of this proviso clause does not apply where the claimant's conviction was reversed and followed by an acquittal after retrial (*see, Ivey v State of New York,* 80 NY2d 474), this exception does not apply herein.

assert an additional negligence cause of action such as, for example, negligent supervision (*see, Hahne v State of New York,* 290 AD2d 858). Furthermore, to the extent that certain of the allegations may be read as asserting a claim premised upon the theory of negligent prosecution, we note that this is not a cognizable cause of action in New York (*see, Coleman v Corporate Loss Prevention Assoc.,* 282 AD2d 703; *Pandolfo v U.A. Cable Sys. of Watertown,* 171 AD2d 1013).

The remaining arguments advanced by claimant, including his challenge to the Court of Claims' ruling excluding certain of his proof on damages, have been examined and found to be either without merit or rendered academic due to the foregoing resolution of the issues.

Cardona, P.J., Crew III, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.