Lukosavich v State of New York (2024 NY Slip Op 05521)

Lukosavich v State of New York

2024 NY Slip Op 05521

Decided on November 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 7, 2024

CV-23-0986
[*1]Matthew Lukosavich, Appellant,
v
State of New York, Respondent.

Calendar Date:September 12, 2024

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Edward E. Kopko, Lawyer, PC, Ithaca (Edward E. Kopko of counsel), for appellant.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for respondent.

Clark, J.
Appeal from an order of the Court of Claims (RamÓn E. Rivera, J.), entered May 11, 2023, which, among other things, granted defendant's motion to dismiss the claim.
Claimant was convicted of one count of conspiracy in the fourth degree in connection with a 2016 home invasion and was sentenced to a prison term of 1&frac13; to 4 years (People v Lukosavich, 189 AD3d 1895, 1895 [3d Dept 2020]). He appealed and, in 2020, we reversed the judgment of conviction, finding that County Court of Cortland County (Campbell, J.) abused its discretion in precluding claimant from introducing certain alibi testimony, thereby violating his constitutional right to present a defense (id. at 1900-1902). Upon remittal, the People moved to dismiss the indictment in the interest of justice, and County Court granted said motion. In 2022, claimant brought the instant claim for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b. Defendant moved pre-answer to dismiss the claim, arguing, among other things, that claimant failed to comply with the pleading requirements and to state a cause of action. Claimant opposed the motion and cross-moved for leave to file an amended complaint which supplemented the original complaint with certain documentary evidence. The Court of Claims found, among other things, that the reversal of claimant's conviction and the dismissal of his indictment were not premised on one of the grounds enumerated in Court of Claims Act § 8-b and, as a result, granted defendant's motion and dismissed the complaint. Claimant appeals, and we affirm.
As relevant here, to prevail on a claim for unjust conviction and imprisonment, a claimant must establish by clear and convincing evidence (1) that he or she was convicted of one or more felonies or misdemeanors and served all or part of a resulting term of imprisonment; (2) that the conviction was reversed or vacated, and the indictment was dismissed, due to one of the specifically enumerated grounds; (3) that he or she did not commit the acts alleged in the accusatory instrument; and (4) that his or her conduct did not lead to the conviction (see Court of Claims Act § 8-b [5]; Salce v State of New York, 184 AD3d 1037, 1038 [3d Dept 2020]). Here, claimant was convicted of a felony and served his entire term of imprisonment, satisfying the first of these elements. Contrary to claimant's assertion, however, the reversal of his conviction was not premised on the enumerated ground that the judgment was procured by duress (see Court of Claims Act § 8-b [5] [b] [ii]; CPL 440.10 [1] [b]). Rather, claimant's conviction was reversed because "County Court violated [claimant's] constitutional right to present a defense" (People v Lukosavich, 189 AD3d at 1901 [internal quotation marks and citation omitted]; see CPL 440.10 [h]) — a ground he concedes is not an enumerated ground. Consequently, claimant cannot satisfy the second element required to bring an unjust conviction and imprisonment claim (see Baba-Ali v State [*2]of New York, 19 NY3d 627, 633 n 5 [2012]; Greene v State of New York, 187 AD3d 539, 540 [1st Dept 2020], lv denied 36 NY3d 909 [2021]; Romero v State of New York, 294 AD2d 730, 733 [3d Dept 2002], appeal dismissed 98 NY2d 727 [2002], lv denied 99 NY2d 503 [2002]; compare Court of Claims Act § 8-b [5] [b] [ii]), and the Court of Claims properly dismissed the claim. To the extent not expressly addressed herein, claimant's remaining contentions have been reviewed and found to lack merit.
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.