Dye, J.
The County of Sullivan, hereinafter called County, has appealed by our permission from an order of the Appellate Division, Third Department, which unanimously affirmed an order of the Special Term, Supreme Court, Sullivan County, denying a motion made by the County to vacate in part a prior intermediate order granting incidental relief in connection with a pending appeal in a contested matrimonial action entitled: 1 (Harold Smith v. Mary Smith ’ ’. In that action, both the husband’s complaint for separation and the wife’s counterclaim for similar relief had been dismissed on the merits, following a hearing. Both parties appealed to the Appellate Division, Third Department. The defendant-appellant wife then moved that court for permission to prosecute her appeal as a poor person and for other relief. The Appellate Division admitted her to prosecute the appeal as a poor person (Civ. Prac. Act, § 199; Bules Civ. Prac., rule 35), but denied the application for incidental relief without prejudice, however, to an applica *123 tion to the Special Term. The wife then made her application to Special Term, which granted the relief sought by directing in substance that the clerk of the court of Sullivan County furnish to the defendant-appellant an original and copy of the transcript of the testimony of the trial held on April 26, 27 and 28, 1954 and that the statutory fees to which the official stenographer was entitled for preparing such transcript and copy be paid by the county treasurer. This order was made pursuant to section 1493 of the Civil Practice Act.
When the order so worded as to constitute the required certificate of payment was presented, the County resisted payment on the ground that Special Term lacked jurisdiction to issue the certificate, since the defendant-appellant Mary Smith had failed to satisfy statutory requirements and had failed to satisfy constitutional due process by giving notice to the County of such application (Civ. Prac. Act, §§ 199, 1493).
The Appellate Division has the power to permit an appellant to prosecute his appeal as a poor person on a showing that he “is not worth three hundred dollars in cash or available property ” (Civ. Prac. Act, § 199; Rules Civ. Prac., rule 35). Here, the defendant-appellant Mary Smith met the statutory prerequisites by showing that she was not worth $300 in cash. We cannot say that she failed to show that her available property was not worth $300. To do so would be to say that the Appellate Division was wrong when it treated the real property jointly owned with her husband as not “ available ” within the meaning of the statute, particularly since the appellant had frankly and freely stated that she was willing to sell the property and apply the proceeds to the payment of the transcript and copy of the minutes she needed for her appeal. The statutory phrase ‘ ‘ available property ’ ’, in our view, contemplates property actually and presently available, that is, in hand and ready to use. In any event, the granting of such relief rests in the sound discretion of the court.
A party admitted to prosecute as a poor person cannot fully enjoy such privilege until implemented by the relief authorized to be furnished by section 1493 of the Civil Practice Act. Insofar as pertinent that section provides: “A person admitted to prosecute as a poor person may prosecute his action or * * * proceeding * * * without paying * * * stenographers * * * provided, however, that stenographic minutes in any such action or special proceeding shall be furnished to said *124 poor person only upon order of the court or justice before whom the same is tried and upon the issuance by such court or justice of a certificate to the official stenographer of the sum to which he is entitled as statutory fees, said fees to be paid by the county treasurer of the county in which said action or proceeding was tried, upon presentation of such certificate.”
Quite obviously that section is a remedial statute and should be given a broad and liberal interpretation.
Nothing turns on the circumstance that the Smith action was tried before a duly appointed Official Referee, since the statute specifically provides that the “ stenographic minutes * # * shall be furnished * * * upon order of the court or justice before whom the same is tried ”. When properly read, the statute authorizes either the trial judge or the court to grant the relief demanded (Ehde v. State of New York, 260 App Div. 511). The court in this instance, in point of fact, is the Supreme Court held in Sullivan County (Rules Civ. Prac., rules 195,198). When judgment was entered on the Referee’s report his jurisdiction terminated, and it was entirely proper for the defendant to apply to the Appellate Division for permission to appeal as a poor person.
The mere possibility of fraudulent raids on the public treasury by a wrongful resort to the benign provision of section 1493 is no reason for striking it down. There is always the safeguard that the application for permission to prosecute as a poor person will only be granted after a careful consideration on the merits —■ just as was done in this case.
We note that the statute is silent as to any requirement of antecedent notice to the County. Prior and timely notice is ordinarily an elemental incident of due process, whether the one to be charged is an individual or a private or public corporation (Stuart v. Palmer, 74 N. Y. 183; Isaac v. Town of Queensbury, 277 N. Y. 37; Matter of Hecht v. Monaghan, 307 N. Y. 461), the purpose being to prevent prejudice to the party to be charged. However, in a situation such as we are dealing with here, the issuance of a certificate to the official stenographer of the sum to which he is entitled as statutory fees to be paid by the county treasurer, as provided in section 1493, does not actually prejudice the County, since its property — in this instance public moneys — is not actually taken until the certificate is paid. When so viewed, no substantial constitutional *125 question is presented and, by tbe same token, omission from tbe statute of a requirement of prior notice to the County does not render it constitutionally invalid. Whether or not notice is to be implied need not be considered since in this proceeding the County moved to vacate that part of the order directing it to pay the costs of the minutes and had a hearing on the merits so that in the end there was no deprivation of due process. What our answer might be under different circumstances need not be considered for we decide no question other than the one sub judice. As a matter of practical fact, whether or not such notice should be required, presents no serious threat to the public funds, since relief of poor persons has long been a concern of the State and reasonably includes in a proper case the forgiveness of statutory fees and the payment of fees incident to the defenses of suits and the taking of appeals from adverse orders or judgments made therein. However, this is not to say that, if the circumstances warrant, a county may not successfully challenge a certificate issued under section 1493.
The order appealed from should be affirmed, with costs to defendant-respondent.