■ STANLEY ISAACSON, Respondent, v KENNETH KARPE et al., Defendants, and GWENDOLYN KIRSNER, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered August 3, 1979 in Ulster County, which granted summary judgment to plaintiff in this mortgage foreclosure action and referred the matter to a referee for computation of the amount owing to plaintiff. The subject matter of this foreclosure action is a 65-acre parcel in Ulster County, and in June of 1970 defendants Robin Karpe and Kenneth Karpe borrowed $25,400 from one Rosamond Hoffstatter with the loan secured by a bond and first mortgage on the subject property. The following September the Karpes borrowed $20,000 from appellant Gwendolyn Kirsner, and this loan was secured by a second mortgage on the Ulster County parcel. When the Karpes thereafter failed to meet their obligations to appellant, she obtained an order of foreclosure against them in 1975, but prior to that time the Karpes had formed a corporation, Magic Mommy, Inc., to which they had conveyed by unrecorded deed 15 of their 65 acres and which appellant failed to join in her foreclosure action. Accordingly, appellant brought an action in ejectment against Magic Mommy, but she was denied relief by the court on the ground that she had constructive notice of the unrecorded deed and should have included Magic Mommy in her action to foreclose. As a result, she and Magic Mommy were left each owning part of the property in question subject to the Hoffstatter mortgage.

There followed a period subsequent to April 9, 1976 during which appellant's attorney and attorney David Isaacson, representing the Karpes, attempted to arrange a purchase and lease agreement for the Karpes with regard to the subject property. These negotiations proved unproductive and were terminated in the late summer of 1976, however, and shortly thereafter, on September 30, 1976, Rosamond Hoffstatter assigned her interest in the first mortgage to plaintiff Stanley Isaacson, brother of David Isaacson. Subsequently, on November 30, 1976, with the Karpes substantially in arrears as to both their tax and mortgage obligations, plaintiff commenced the present action to foreclose on the property. All of the defendants defaulted with the exception of appellant who moved to dismiss the complaint on the ground that the lawsuit was champertous because attorney David Isaacson, and not his brother Stanley, was the real party in interest, and on the further grounds that plaintiff came into court with unclean hands and failed to join a necessary party, i.e., Magic Mommy. Special Term refused to dismiss the complaint, but did direct that Magic Mommy be joined as a party defendant, and the action proceeded. Ultimately, plaintiff moved for an order striking appellant's answer, including the affirmative defenses of champerty and unclean hands, and referring this action to a referee for a computation of the amount due plaintiff, and his motion was summarily granted. This appeal followed. We hold that Special Term's order should be affirmed. For appellant to prevail on her defense of champerty and maintenance, she must establish that attorney David Isaacson took an assignment of the first mortgage indirectly through plaintiff for the primary purpose of bringing the instant action and thereby depriving appellant of her interest in the subject property (Judiciary Law, § 488; *Fairchild Hiller Corp. v McDonnell Douglas Corp.*, 28 NY2d 325; *Sprung v Jaffe*, 3 NY2d 539), and upon the present record such is plainly not the case. A reading of the record makes abundantly clear that a primary goal of David Isaacson in this matter has been to be of assistance to the Karpes in their maintaining the use of and, if possible, regaining title to the land in question, and any involvement which he had in plaintiff's taking an assignment of the first mortgage was obviously with the intent of aiding the Karpes in this manner. That being so, even if he were acting indirectly through plaintiff relative to the assignment of the first mortgage as alleged by appellant, his conduct would not be champertous under the statute and case law authority cited above. Similarly, assuming that, as charged by appellant, the Isaacsons and the Karpes were acting in concert to benefit the Karpes in their desires to regain their property, such conduct would be entirely legal and proper and surely would not constitute a conspiracy to defraud appellant which would render plaintiff's hands "unclean" as he sought the equitable relief of a judgment of foreclosure from the court. In sum, appellant's defenses are grounded on purely conclusory allegations and lacking in real evidentiary support, and a trial is not necessary here to ascertain plaintiff's intent in taking the assignment of the first mortgage (cf. *Sprung v Jaffe, supra*). Under these circumstances, with plaintiff having made a prima facie showing of his entitlement to his requested relief, the order granting the relief should not be disturbed (cf. *Haig v Channing Co.*, 54 AD2d 992). Order affirmed, with costs. Sweeney, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.