DONALD H. BRAHM et al., as Administrators of the Estate of CHERYL L. BRAHM, Deceased, Respondents, v VIKI L. HATCH, as Administratrix of the Estate of ROBERT GATES, SR., et al., Defendants, and WYLEY GATES, an Infant over the Age of 14 Years, Appellant. (And Another Related Action.)

Third Department, July 11, 1991

APPEARANCES OF COUNSEL

*Charles J. Wilcox* for appellant.

*Joseph A. Cutro* for respondents.

**OPINION OF THE COURT**

CREW III, J.

Defendant Wyley Gates (hereinafter defendant) was indicted for eight counts of murder for the deaths of Robert Gates Sr., Robert Gates Jr., Jason Gates and Cheryl L. Brahm, as well as one count of conspiracy and one count of criminal possession of a weapon. After a jury trial, he was convicted of conspiracy and acquitted of all other charges. On appeal we affirmed that conviction *(see, People v Gates,* 153 AD2d 68, *lv denied* 75 NY2d 966).

■ In the present civil action, plaintiffs seek damages for the wrongful deaths of the aforesaid victims. On March 21, 1990, an examination before trial was conducted at Elmira Correctional Facility in Chemung County where plaintiffs questioned defendant concerning those homicides. Defendant invoked his privilege against self-incrimination and refused to answer any questions relating thereto. In August 1990, plaintiffs moved to compel defendant to answer said questions. Defendant opposed the motion asserting that (1) his answers to the propounded questions might subject him to perjury charges, (2) his answers could compromise a CPL article 440 motion "should any new evidence be uncovered at any time", (3) plaintiffs would inquire about other criminal transactions,

and (4) in the alternative, he lacked competency to give sworn testimony.* Supreme Court granted plaintiffs' motion and this appeal ensued.

■ CPLR 3101 (a) should be liberally construed to require disclosure of evidence that will assist preparation for trial and is restricted only by a test for materiality of usefulness and reason *(see, Hoenig v Westphal,* 52 NY2d 605, 608). In this case, it is clear that the evidence plaintiffs seek is material and useful in their wrongful death action and defendant has the burden of establishing that the information sought is privileged or not otherwise subject to disclosure *(see,* CPLR 3101 [b]; *see also, Bloss v Ford Motor Co.,* 126 AD2d 804, 805; *Zimmerman v Nassau Hosp.,* 76 AD2d 921). Defendant has invoked his privilege against self-incrimination as the basis for nondisclosure (US Const 5th Amend; NY Const, art I, § 6; CPLR 4501). However, defendant cannot avail himself of that privilege where his exposure to prosecution is barred by the Statute of Limitations or double jeopardy *(see,* Richardson, Evidence § 529, at 522 [Prince 10th ed]).

Defendant asserts that he made a written statement to the State Police on December 14, 1986 and any answers he gives at an examination before trial which contradict that statement would subject him to a perjury charge. We disagree. The written statement made by defendant subjects him to potential prosecution under Penal Law § 210.45 for giving a false statement. The Statute of Limitations for that offense is two years and had run at the time of the examination before trial (CPL 30.10 [2] [c]).

■ Defendant also asserts that he should not be compelled to answer questions concerning the events surrounding the homicides on the ground that he has a motion under CPL article 440 pending. As noted, defendant was indicted for the murder of the four victims and was acquitted of all of the homicides. He therefore cannot again be prosecuted for those offenses (US Const 5th Amend; NY Const, art I, § 6; CPL art 40). It is evident, however, that should defendant be compelled to answer said questions and subsequently prevails on his CPL article 440 motion, his answers might prove to be incriminating in a subsequent trial for conspiracy. Therefore, it cannot be said that it is " 'perfectly clear' " that defendant's answers could not possibly be incriminating *(see,* Richardson, Evidence

---

■ *Defendant has not raised the fourth issue in his brief on this appeal and it is therefore deemed abandoned *(see, First Natl. Bank v Mountain Food Enters.,* 159 AD2d 900, 901).

§ 528, at 521 [Prince 10th ed]; *see also, People ex rel. Taylor v Forbes,* 143 NY 219, 231). Accordingly, we hold that defendant has satisfied his burden and may not be compelled to answer said questions while his CPL article 440 motion is pending.

Defendant's remaining contentions have not been preserved for our review in that he did not raise them before Supreme Court *(see, Gunzburg v Gunzburg,* 152 AD2d 537, 538; *Rohdie v Michael Guidice, Inc.,* 132 AD2d 541, 542).

MAHONEY, P. J., YESAWICH, JR., LEVINE and MERCURE, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and motion denied.