■ TELMARK, INC., Respondent, v JACQUELINE A. MILLS, Defendant and Third-Party Plaintiff-Appellant. MORTON BUILDINGS, INC., Third-Party Defendant-Respondent. [604 NYS2d 324] —Crew III, J. Appeal from an order and judgment of the Supreme Court (Williams, J.), entered June 4, 1992 in Sullivan County, which denied defendant's motion for, *inter alia,* summary judgment on her third-party complaint and the counterclaims against plaintiff, granted plaintiff's cross motion for summary judgment dismissing defendant's counterclaims and granted third-party defendant's cross motion for summary judgment dismissing the third-party complaint.

In 1988, defendant and third-party plaintiff (hereinafter defendant) decided to add an indoor arena to her horse farm located in White Sulphur Springs, Sullivan County. To that end, defendant contacted plaintiff regarding leasing an appropriate building. Plaintiff thereafter contracted with third-party defendant to build the structure, which plaintiff ultimately purchased from third-party defendant and leased to defendant. Construction commenced in September 1988 and when the building was near completion, one of third-party defendant's sales representatives allegedly attempted to have defendant sign a form accepting the building as constructed. Defendant apparently refused and this led to the negotiation and execution of certain change orders, which included credits to offset work that would not be completed and for the delay in completing the structure. Defendant thereafter executed two forms accepting the building as completed. It appears that defendant failed to make any of the required payments under the lease and thereafter elected to sell the farm property.

Ultimately, plaintiff sought replevin of the building from

defendant, as well as full payment in accordance with the lease terms. Defendant answered and counterclaimed against plaintiff alleging, *inter alia,* that plaintiff had converted certain credit information that defendant had provided in connection with the underlying transaction, that plaintiff's agents had defamed defendant to certain business people in the community and that plaintiff had acted in violation of the Fair Credit Reporting Act (15 USC § 1681 *et seq.).* Defendant then commenced a third-party action alleging that third-party defendant had breached the contract to construct the building, committed fraud against defendant and unlawfully converted certain materials that had been taken from the job site.

Thereafter, defendant moved *pro se* for summary judgment on the third-party complaint and the counterclaims against plaintiff; plaintiff cross-moved for summary judgment dismissing the counterclaims and third-party defendant cross-moved for summary judgment dismissing the third-party complaint. Supreme Court granted plaintiff's and third-party defendant's respective cross motions and denied defendant's motion in its entirety. This appeal by defendant followed.

With respect to the dismissal of defendant's counterclaims, we note that defendant's sole argument on appeal is that plaintiff failed to comply with CPLR 321 (c)* when it moved to amend its complaint and, therefore, all subsequent activity with respect to that complaint is void. We cannot agree. Initially, we note that the record fails to reflect that defendant raised this argument before Supreme Court and, therefore, this issue has not been preserved for appellate review *(see generally, Brahm v Hatch,* 169 AD2d 263, 266). Moreover, were we to address this issue on the merits, we would find that, given the particular circumstances present here, no violation of CPLR 321 (c) occurred. The parties were notified by defendant's former attorney on September 12, 1989 that he had been suspended from the practice of law and that he had instructed defendant to secure the services of another attorney. Defendant, in a letter to plaintiff's attorneys dated September 18, 1989, acknowledged counsel's suspension and directed that plaintiff "send any papers directly to [her] until notified to the contrary". It appears that defendant thereafter

---

* CPLR 321 (c) provides, in relevant part, that "[i]f an attorney * * * is removed, suspended or otherwise becomes disabled at any time before judgment, no further proceeding shall be taken in the action against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party either personally or in such manner as the court directs".

elected to proceed *pro se,* which she was well within her rights to do *(see,* CPLR 321 [a]). As to Supreme Court's dismissal of defendant's counterclaims, our review of the record as a whole leads us to conclude that Supreme Court's determination in this regard was in all respects proper.

We now turn to Supreme Court's dismissal of the third-party complaint. As to defendant's cause of action sounding in fraud, defendant was required to establish that third-party defendant " 'made a false representation which was either known to be untrue or made with reckless disregard of its truth and which was made with the intent to deceive and to induce [defendant] to part with or refrain from obtaining something of value, thereby causing injury' " *(Hausler v Spectra Realty,* 188 AD2d 722, 723, quoting *Pappas v Harrow Stores,* 140 AD2d 501, 504). To that end, defendant was required to assert her claim in detail, and it is well established that conclusory allegations in this regard will not suffice *(see, Hausler v Spectra Realty, supra).* Here, the record as a whole simply fails to demonstrate that third-party defendant knowingly made a false representation to defendant with the intent to deceive her. Absent such proof, this cause of action was properly dismissed.

We reach a similar conclusion with respect to defendant's conversion cause of action. As the record fails to support defendant's assertion that the materials removed from the site were to be used in the construction of the building located on her property, this cause of action cannot stand *(see, Ahles v Aztec Enters.,* 120 AD2d 903, *lv denied* 68 NY2d 611).

With respect to defendant's breach of contract cause of action, we are of the view that Supreme Court erred in concluding that third-party defendant had established the affirmative defense of accord and satisfaction as a matter of law, thereby entitling it to summary judgment as to that cause of action. Even assuming that third-party defendant met its burden of establishing each and every element of an accord and satisfaction *(see,* 19 NY Jur 2d, Compromise, Accord, and Release, § 1, at 296-297; § 3, at 299-300; §§ 6-8, at 302-308), the record plainly reveals that not all of the agreed upon work reflected in the various change orders was in fact completed. Although third-party defendant characterizes the work yet to be performed as inconsequential, part performance simply will not suffice. "The party asserting an accord and satisfaction must show fulfillment in strict accordance with its terms. Part performance of the agreement for accord and satisfaction is not sufficient to discharge the original debt; nor is a mere

tender of performance" (19 NY Jur 2d, Compromise, Accord, and Release, § 20, at 326). Thus, "[a] partial performance [is] insufficient to create a binding accord and satisfaction even when it is coupled with a tender of performance of the remaining obligation[s]" (19 NY Jur 2d, Compromise, Accord, and Release, § 21, at 327).

Finally, as to the remaining defense asserted with respect to the breach of contract cause of action, we are of the view that even assuming that the sale of the structure from third-party defendant to plaintiff falls within the ambit of UCC 2-107 (1), defendant is not a "buyer" within the meaning of UCC 2-103 (1) (a) and, therefore, third-party defendant's reliance upon the provisions governing rejection of goods or revocation of acceptance under UCC article 2 (see, UCC 2-601, 2-602, 2-607 [3] [a]; 2-608) is misplaced. Accordingly, third-party defendant's motion for summary judgment should have been denied as to this cause of action. The parties' remaining arguments have been examined and found to be lacking in merit.

Weiss, P. J., Mercure and White, JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reversing so much thereof as granted third-party defendant's cross motion for summary judgment dismissing the breach of contract cause of action set forth in the third-party complaint; cross motion denied to that extent; said cause of action reinstated; and, as so modified, affirmed.