■ SMALL BUSINESS ADMINISTRATION, as Receiver for CAPITAL IMPACT CORPORATION, as Assignee of the Assets of CITYTRUST, Respondent, v JACQUELINE A. MILLS, Doing Business as CHAMPAGNE ACRES, Appellant, et al., Defendant. [610 NYS2d 371] — Weiss, J. Appeals (1) from an order of the Supreme Court (Williams, J.), entered December 21, 1990 in Sullivan County, which, *inter alia,* granted Citytrust's motion for summary judgment against defendant Jacqueline A. Mills, and (2) from an order of said court, entered May 8, 1991 in Sullivan County, which, *inter alia,* denied defendant Jacqueline A. Mills' motion for reconsideration.

Citytrust commenced an action to foreclose two mortgages

securing two promissory notes signed by defendant Jacqueline A. Mills (hereinafter defendant), both of which were in default. Defendant has appealed from the order which granted Citytrust summary judgment and from the order denying her motion for reconsideration.

Defendant contends that the assignment of the note, mortgage and loan agreement to Citytrust by its subsidiary, Capital Impact Corporation, was made solely for the purpose of bringing a lawsuit and violated Judiciary Law § 489. Our search of the record discloses that defendant failed to raise this argument before Supreme Court and, therefore, this issue has not been preserved for appellate review *(see, Brahm v Hatch,* 169 AD2d 263, 266; 1 Newman, NY Appellate Practice § 2.03). Moreover, the limited references in the record to the assignment reflect that valid purposes existed for the assignment *(see, Fairchild Hiller Corp. v McDonnell Douglas Corp.,* 28 NY2d 325, 330; *Moses v McDivitt,* 88 NY 62, 65; *Isaacson v Karpe,* 76 AD2d 997, 998).

Defendant's next contention is equally without merit. She argues that the action should have been stayed pursuant to CPLR 321 (c) because her attorney in a related matter *(Telmark, Inc. v Mills,* 199 AD2d 579) was suspended from practice and that she was given notice thereof on September 12, 1989. The instant action was commenced with service upon defendant on September 15, 1989. Defendant appeared in the action with the service of a *pro se* answer on October 7, 1989. Citytrust's motion for summary judgment was not made until December 14, 1989. Not only did defendant fail to raise the issue before Supreme Court *(see, Brahm v Hatch, supra),* but CPLR 321 (c) is not applicable here because the suspended attorney was not retained to· represent her in the subject action. Additionally, defendant had ample opportunity to retain another attorney had she so desired. To the contrary, she elected to voluntarily appear *pro se* in the action *(see, Telmark, Inc. v Mills, supra)* and continues to represent herself 4½ years later. Defendant's remaining point concerning Citytrust's attorney has become moot with the substitution of new counsel. Again, as with her other contentions, this issue was not raised before Supreme Court.

Defendant has also woven an argument through the course of her brief that she did not receive the written notice described in the "loan and security agreements" which were executed as collateral security for the underlying notes. Initially, the plain terms of the two promissory notes and the accompanying mortgages provide for acceleration at City-

trust's option upon defendant's default in making payments, which defaults defendant has acknowledged. Supreme Court correctly found that these controlling documents did not require written notice of defaults in payments prior to the commencement of the action for foreclosure. Contrary to defendant's contention, by the terms of the security agreement itself, the promissory notes are the primary obligations, whose terms are controlling (see, Adler v Berkowitz, 254 NY 433). More to the point, the security agreements do not require notice of breaches of the payment terms of either the notes or the mortgages. Moreover, in the monthly notices sent to her and by formal demands dated April 21, 1989, defendant was provided with ample written notice of her defaults.

We have considered defendant's remaining arguments and find that they are lacking in merit.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the orders are affirmed, with costs.