WALDEN MARINE, INC., et al., Respondents, v JEAN M. WALDEN et al., Appellants. [698 NYS2d 185] —Order unanimously affirmed without costs. Memorandum: Supreme Court did not abuse its discretion in refusing to stay defendants' depositions until completion of a related criminal case (*see,* CPLR 2201). Defendants contend that they will be irreparably harmed if the depositions go forward because the jury in the present action will be permitted to draw a negative inference from their assertion of the privilege against self-incrimination (*see, Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31, 42-43). It is well settled, however, that the fact that a "witness may invoke the privilege against self incrimination is not a basis for precluding civil discovery" (*State of New York v Carey Resources,* 97 AD2d 508, 509; *see, Stuart v Tomasino,* 148 AD2d 370, 373; *see also, Steinbrecher v Wapnick,* 24 NY2d 354, 365, *rearg denied* 24 NY2d 1038; *Staten Island-Arlington v Wilpon,* 154 AD2d 589).

Defendants' reliance upon *Britt v International Bus Servs.*

(255 AD2d 143) is misplaced. *Britt* involved an essential nonparty witness who intended to invoke the privilege and had not yet been deposed. The defendants demonstrated that, without the testimony of that witness, they would be unable to assert a competent defense. Finally, we reject defendants' contention that the court erred in determining that plaintiffs had priority in conducting examinations before trial (*see,* CPLR 3106 [a]). (Appeals from Order of Supreme Court, Ontario County, Henry, Jr., J.—Discovery.) Present—Lawton, J. P., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.