*189 OPINION OF THE COURT
Philip S. Straniere, J.
Respondents in these four actions have filed applications for ex parte orders granting leave to proceed as poor persons and waiver of fees for the purpose of filing an appeal to the Appellate Term of an order of this court dated November 13, 2001. After a consolidated trial, the court awarded the petitioner possession of the premises occupied by the respondents. The respondents have each filed a notice of appeal. Through the Legal Aid Society, their counsel, they have made application for poor persons status.
The applications are denied without prejudice for the reasons stated below:
The law recognizes that certain parties may lack the financial resources to either commence or defend an action, so the Legislature has provided a procedure to be followed in order to be designated a “poor person” and have certain costs and fees waived (CPLR 1101). Respondents, at the time of their appeal, are seeking permission of the court to proceed as a “poor person.” When individuals in civil actions are represented by a legal aid society or a legal service organization, the statute permits the party to be certified as a “poor person” without the necessity of a motion “provided that a determination has been made by such society, organization or attorney that such party is unable to pay the costs, fees and expenses necessary to prosecute or defend the action, * * *” (CPLR 1101 [e]). The court received such an application on or about December 7, 2001.
The court is rejecting these applications on the ground that CPLR 1101 (e) only permits certification by the Legal Aid Society at the commencement of an action and not for or at the time of the prosecution of an appeal. The language of that subdivision applies to procedures that occur at the initial filing of the action and indicate that such certification is to be “filed with the clerk of the court along with the summons and complaint.” There is nothing in the language of the statute that permits an ex parte application for this designation to be made after that initial period or for an appeal. As a result, the respondent was required to request this designation in a motion, on notice, providing the information as set forth in CPLR 1101 (a) and not by Legal Aid Society certification (see also, Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 1101, at 267). Further, the granting or denial of the application to proceed as a “poor person” rests in *190 the sound discretion of the court (Smith v Smith, 2 NY2d 120 [1956]) and since the right to sue as a poor person is a purely statutory right enacted in derogation of the common law, the language must be strictly construed (Robertson v Schoonmaker, 249 App Div 657 [2d Dept 1936], lv denied 273 NY 598 [1937]).
Upon further examination of the statute, it appears that the application should be addressed to the Appellate Term and not the Civil Court. CPLR 1101 (a) states: “Upon motion of any person, the court in which an action is triable, or to which an appeal has been or will be taken, may grant permission to proceed as a poor person.” At the current stage, when each respondent is making their respective applications, there is no longer an action triable in the Civil Court. A judgment has been entered in the underlying summary proceeding; therefore, the respondents’ applications should have been submitted to the Appellate Term (Smith v Smith, supra). Aside from the Legal Aid Society certification, there is no independent evidence to support the claim that each respondent qualified as a “poor person.”
The ex parte application is denied.