■ Denise Lloyd, Respondent, v Catholic Charities of the Diocese of Albany et al., Defendants, and Kenneth Boyce, Appellant. [803 NYS2d 739]—

Mugglin, J. Appeal from an order of the Supreme Court (Cannizzaro, J.), entered August 19, 2004 in Albany County, which, inter alia, denied defendant Kenneth Boyce's motion for a protective order.

Plaintiff commenced this action seeking to recover for personal injuries sustained when defendant Kenneth Boyce stabbed her with a knife on premises allegedly owned and maintained by defendants Catholic Charities of the Diocese of Albany, McCloskey Community Service Corporation and Arbor House. Boyce pleaded guilty to criminal charges arising out of the stabbing and is currently incarcerated. In response to plaintiff's notice to take his oral deposition, Boyce made motions for a protective order prohibiting his oral deposition, an order vacating the notice of motion to compel the examination before trial, an order granting him poor person relief and assignment of counsel, and an order to take the oral deposition of

plaintiff. Supreme Court granted Boyce's motion for an order granting poor person relief, but declined to assign counsel, and denied each of Boyce's other motions in their entirety. Boyce appeals.

Boyce asserts that because of his pending appeal in the criminal matter and the possibility that he may pursue a CPL 440.10 motion if his appeal is unsuccessful, his privilege against self-incrimination would be violated if he is deposed. A litigant retains the privilege against self-incrimination during a civil deposition, but that is not a basis for precluding discovery (see CPLR 4501; *Brahm v Hatch*, 169 AD2d 263, 265 [1991]; *State of New York v Carey Resources*, 97 AD2d 508, 509 [1983]). Boyce may only assert the privilege when he reasonably perceives a risk from answering a particular question posed during the deposition (see *Brahm v Hatch, supra* at 265-266; *State of New York v Carey Resources, supra* at 509). Accordingly, we affirm Supreme Court's denial of Boyce's motions for a protective order and an order vacating plaintiff's motion to compel his examination before trial.

Plaintiff, as required by CPLR 3106 (c), moved for leave to depose Boyce. Although plaintiff is not incarcerated, Boyce moved to depose her. We find no reason to disturb Supreme Court's decision to deny Boyce's motion for his failure to serve a notice to take plaintiff's deposition (see CPLR 3107) and engage in a good faith effort to schedule it before resorting to motion practice.

Lastly, we find no abuse of discretion in Supreme Court's determination that, while Boyce does meet the criteria to proceed as a poor person, assignment of unpaid counsel to represent him is not warranted in this case (see CPLR 1102; *Smith v Smith*, 2 NY2d 120, 122 [1956]; *Wills v City of Troy*, 258 AD2d 849, 849 [1999], *lv dismissed* 93 NY2d 1000 [1999]).

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.