■ Harold Galper, Respondent, v Jeffrey Burkes, D.D.S., Appellant. [843 NYS2d 293]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about May 18, 2007, which denied defendant's motion pursuant to CPLR 2201 requesting a stay of the civil action pending resolution of the criminal charges against defendant, unanimously affirmed, without costs.

The IAS court properly exercised its discretion in determining that the criminal action, involving, among other things, defendant dentist's alleged illegal sale of prescriptions for controlled substances to a *different* patient, and the instant civil action, involving defendant's purportedly negligent placement of implants in *plaintiff's* mouth, are not related for purposes of the stay motion (*cf. Britt v International Bus Servs.*, 255 AD2d 143 [1998]). Defendant contends that reference to the deposition testimony of defendant's former partner, who described his observations of defendant's apparently impaired demeanor during the time period in which the alleged malpractice occurred, would be unduly prejudicial to the defense of the civil action in that defendant would be compelled to invoke his Fifth Amendment right against self-incrimination. However, as the motion court noted, the indictment does not include any charges related to drug use by defendant. In any event, a court need not permit a defendant to avoid the difficulty of choosing between presenting evidence in his or her own behalf and asserting his or her Fifth Amendment rights by staying a civil action until a pending criminal prosecution has been terminated (*see Access Capital v DeCicco*, 302 AD2d 48, 53 [2002], citing *Steinbrecher v Wapnick*, 24 NY2d 354, 365 [1969], *rearg denied* 24 NY2d 1038 [1969]; *see also Matter of Kopf [Doublekay Contr. Corp.—United States of Am.]*, 169 AD2d 428, 429 [1991]). Finally, we note that plaintiff's judicial estoppel argument is without merit. Concur—Lippman, P.J., Andrias, Marlow, Buckley and Catterson, JJ.