Spencer v City of Buffalo (2019 NY Slip Op 03506)





Spencer v City of Buffalo


2019 NY Slip Op 03506


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., DEJOSEPH, NEMOYER, AND CURRAN, JJ.


431 CA 18-01779

[*1]RICKEY D. SPENCER, PLAINTIFF-RESPONDENT,
v
CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT, COREY KRUG, AND "FIRST NAME UNKNOWN" HASSETT, DEFENDANTS-APPELLANTS. 






TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (MAEVE E. HUGGINS OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
LAW OFFICES OF JAMES MORRIS, BUFFALO (JAMES E. MORRIS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.) entered April 2, 2018. The order granted plaintiff's motion to compel depositions and denied defendants' cross motion seeking a protective order and a stay of depositions. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages based on alleged violations of his constitutional rights and personal injuries sustained when two police officers, including defendant Corey Krug, used excessive force against him. Defendants contend that Supreme Court erred in granting plaintiff's motion pursuant to CPLR 3124 for an order compelling Krug's deposition and denying their cross motion pursuant to CPLR 2201 and 3103 (a) for a protective order staying Krug's deposition until completion of a pending criminal prosecution against him. We reject that contention.
Pursuant to CPLR 4501, which "provides statutory protection parallel to that of the constitutional right against self-incrimination" (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4501; see US Const Amend V; NY Const art I, § 6), a witness in a civil action is not required "to give an answer which will tend to accuse himself [or herself] of a crime" (CPLR 4501). Nonetheless, " [a] blanket refusal to answer questions based upon the . . . privilege against self-incrimination cannot be sustained absent unique circumstances, and . . . the privilege may only be asserted where there is reasonable cause to apprehend danger from a direct answer' " (Matter of Astor, 62 AD3d 867, 869 [2d Dept 2009]). "[W]hile courts have recognized the difficulty faced by defendants in choosing between presenting evidence in their own behalf and asserting their [constitutional] right[ against self-incrimination], a court need not permit a defendant to avoid this difficulty by staying a civil action until a pending criminal prosecution has been terminated' " (id., quoting Steinbrecher v Wapnick, 24 NY2d 354, 365 [1969], rearg denied 24 NY2d 1038 [1969]; see Lloyd v Catholic Charities of Diocese of Albany, 23 AD3d 783, 784 [3d Dept 2005]; Access Capital v DeCicco, 302 AD2d 48, 52-53 [1st Dept 2002]; Walden Mar. v Walden, 266 AD2d 933, 933 [4th Dept 1999]). Moreover, "invoking the privilege against self-incrimination is generally an insufficient basis for precluding discovery in a civil matter" (Access Capital, 302 AD2d at 52; see Astor, 62 AD3d at 869; Lloyd, 23 AD3d at 784; Walden Mar., 266 AD2d at 933).
Here, the court did not abuse its discretion in granting plaintiff's motion for an order compelling Krug's deposition and refusing to grant defendants' cross motion for a protective order staying the deposition until completion of the pending criminal prosecution against him (see Walden Mar., 266 AD2d at 933). The criminal prosecution concerns other incidents that did [*2]not involve plaintiff (see Galper v Burkes, 44 AD3d 451, 452 [1st Dept 2007]; cf. Britt v International Bus Servs., 255 AD2d 143, 144 [1st Dept 1998]; DeSiervi v Liverzani, 136 AD2d 527, 528 [2d Dept 1988]) and, even if certain questions at the deposition might relate to the criminal prosecution, Krug "may . . . assert the privilege [only] when he reasonably perceives a risk from answering a particular question posed during the deposition" (Lloyd, 23 AD3d at 784; see Astor, 62 AD3d at 869). Contrary to defendants' contention, they did not demonstrate that they will suffer prejudice if Krug's deposition is conducted while his criminal prosecution is pending by being deprived of critical and necessary testimony thereby rendering them unable to assert a competent defense (cf. Britt, 255 AD2d at 144), particularly because the incident involving plaintiff does not form the basis for the criminal prosecution (see Galper, 44 AD3d at 452; see also Walden Mar., 266 AD2d at 933-934).
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court